UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAISY MEADOWS, a/k/a ROY
TROST,

         Plaintiff,

         v.

HENRY ATENCIO et al,

         Defendant(s).

Case No. 1:18-cv-00265-BLW

**MEMORANDUM DECISION
AND ORDER**

## INTRODUCTION

Before the Court is a Motion for Summary Judgment filed by the remaining
Defendants: Eric Blair, Jacob Taylor, Charles Sanders, Chester Martin, Rona
Siegert, and Walter Campbell. Dkt. 48. The Court has fully reviewed the record,
including the briefs submitted by the parties and has determined that this matter
will be decided on the record without oral argument. For the reasons explained
below, the Court finds that there is no genuine issue of material fact and that
Defendants are entitled to judgment as a matter of law. Therefore, Defendants'
Motion for Summary Judgment will be granted.

## BACKGROUND

Plaintiff was in the custody of the Idaho Department of Correction (IDOC) between June 2017 and November 2019. She was born a male but identifies as a transgender female. *Compl.*, Dkt. 3 at 2. Before Plaintiff was incarcerated in Idaho, she was diagnosed with gender dysphoria while in the custody of the Nevada Department of Correction and again was diagnosed with gender dysphoria in Idaho. *Id*. While in IDOC custody, Plaintiff received hormone therapy prescribed by Dr. Marvin Alviso, IDOC's contract medical provider, as a treatment for her gender dysphoria. Dkt. 48-1 at 2. Plaintiff is currently an inmate in the custody of the Nevada Department of Correction. *See* Dkt. 50.

Plaintiff filed suit against Defendants Blair, Taylor, Sanders, and Martin alleging federal and state claims arising from an alleged sexual assault by her cellmate that occurred in June or July of 2017. *Compl*., Dkt. 3 at 22-26.  She also alleges that Campbell and Siegert violated her Eighth Amendment rights to adequate medical assistance by interfering with Dr. Alviso's determination that gender reassignment surgery was medically necessary. *Id*. at 3,8,19. Defendants move for summary judgment, asserting that Plaintiff failed to exhaust her prison remedies as to the claims arising from the alleged sexual assault. Defendants further assert that Plaintiff has failed to establish a genuine issue of material fact exists as to her Eighth Amendment claim of inadequate medical assistance and that

**MEMORANDUM DECISION AND ORDER - 2**

they are entitled to summary judgment in their favor. *See* Dkt. 48.

## SUMMARY JUDGMENT STANDARD OF LAW

Summary Judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is not "a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327.

In considering a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party, unless the non-moving party's version of the facts is "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (internal quotation marks omitted). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

The party moving for summary judgment has the initial burden to show that each material fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record or show that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

If the moving party meets this initial responsibility, then the burden shifts to the non-moving party to establish that a genuine dispute of material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonable

find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "[I]f a defendant moving for summary judgment has produced enough evidence to require the plaintiff to go beyond his or her pleadings, the plaintiff must counter by producing evidence of his or her own." *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004). If the plaintiff fails to produce evidence, or if the evidence produced is insufficient to establish a genuine and material factual dispute, the Court "is not required (or even allowed) to assume the truth of the challenged allegations in the complaint." *Id*.

If a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may consider that fact to be undisputed. Fed. R. Civ. P. 56(e)(3). The Court must grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movement is entitled to id." Fed. R. Civ. P. 56(e)(3). Statements in a brief, unsupported by evidence in the record, cannot be used to create a genuine dispute of material fact. *See Barnes v. Indep. Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995).

Pro se inmates are exempted "from strict compliance with the summary judgment rules," but not "from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). In opposing a motion for summary judgment, a pro se inmate

**MEMORANDUM DECISION AND ORDER - 5**

must submit at least "some competent evidence," such as a "declaration, affidavit, [or] authenticated document," to support his allegations or to dispute the moving party's evidence. *Id.* at 873 (upholding grant of summary judgment against pro se inmate where the "only statements supporting [plaintiff's]…argument are in his unsworn district court responses to the defendants' motion for summary judgment and to the district court's show-cause order.").

## ANALYSIS

### A.      Procedurally Barred Claims

Defendants assert that Plaintiff's federal and state claims, except for her § 1983 claim of inadequate medical treatment, are procedurally barred.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). This requirement is intended to give "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled [sic] into court." *Id.* at 204.

Similarly, under Idaho law, "no…civil action shall be brought by any person confined in a state or county institution. . .with respect to conditions of confinement until all available administrative remedies have been exhausted." Idaho Code § 19-4206(1); *see also Drennon v. Idaho State Corr. Inst*., 181 P.3d 524, 529 (Idaho Ct. App. 2007) (Section 19-4206(1) requires a prisoner to exhaust all available administrative remedies prior to bringing any civil action with respect to the conditions of her confinement unless she establishes that she is in imminent danger of serious physical injury). Idaho law also requires plaintiffs asserting claims against the state or state employees to file notice of tort claims with the Idaho Secretary of State within 180 days of the time the claim arose. Idaho Code § 6-905; *see also McQuillen v. City of Ammon*, 747 P.2d 741, 744 (1987) (compliance with the Idaho Tort Claims Act's notice requirement is mandatory and failure to abide is fatal to a claim).

Proper exhaustion is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Here, Plaintiff was required to exhaust administrative review under IDOC's "Grievance Procedure for Offenders" (Grievance Procedure). The Grievance

Procedure consists of a three-step process. *See* Dkt. 48-5 at 2. First, an inmate is required to seek an informal resolution on the matter by completing an Offender Concern Form (OCF) addressed to the staff member most directly involved with the inmate's issue. Second, if the OCF does not resolve the matter, the offender must complete a Grievance From containing specific information, including the nature of the complaint, date, place, and names of the specific issue being grieved within 30 days of the incident giving rise to the matter. Third, an inmate may appeal an adverse grievance outcome. *Id* at 2-3. Upon proper completion of all 3 steps, the inmate's grievance process will be deemed complete. *Id*. at 4.

Plaintiff alleges that the sexual assault incident occurred sometime between June 25 and July 25, 2017. Dkt. 48-3 at 22. While Plaintiff asserts that she filed OCFs with Defendants, *id*. at 25, 30, Plaintiff untimely filed a Grievance Form on March 14, 2018. *See* Dkt. 48-5 at 36. Still, Plaintiff sought only injunctive relief and did not raise a damages or monetary compensation claim. *Id*. As a result of her transfer out of IDOC custody, her administrative claim for injunctive relief is moot.[1] Also, Plaintiff has not provided evidence demonstrating that she filed notice of tort claims with the Idaho Secretary of State as required. *See* Dkt. 48-6 at 2. Nor

---

[1] Furthermore, there is no evidence that Plaintiff appealed the adverse decision as required by the Grievance Procedures.

has Plaintiff provided evidence challenging, explaining, or justifying her late Grievance Form or her noncompliance with the required administrative steps as to raise a genuine issue of material fact. As such, her failure to exhaust is fatal, and therefore her Eighth Amendment claim as to Blair, Taylor, Sanders, and Martin and negligence claims will be dismissed.

### B.    Inadequate Medical Treatment Claim

Campbell and Siegert further assert that they are entitled to summary judgment as to Plaintiff's § 1983 claim that they interfered with medical necessary treatment in violation of her Eighth Amendment rights.

Title 42 U.S.C. § 1983 provides a civil cause of action against any person who subjects another to the "deprivation of any rights, privileges, or immunities secured by the Constitution and the law" of the United States. Prison officials may violate an inmate's Eighth Amendment right to receive medical treatment only if he or she intentionally denies, delays, or intentionally interferes with medically necessary treatment once prescribed. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). To survive summary judgment, Plaintiff must establish a genuine dispute that Campbell and Seigert 1) intentionally interfered with treatment that Dr. Alviso or Eldredge deemed medically necessary, and that 2) Campbell and Siegert were subjectively aware that their alleged denial, delay, or interference with the

purported recommendations of Dr. Alviso and Eldredge created a "substantial risk of serious harm" to Plaintiff's health. *Id.*; *see also Toguchi v. Chung*, 391 F.3d 1051, 1057. Plaintiff has failed to establish either requirement or meaningfully oppose Defendants' motion. *See* Fed. R. Civ. P. 56(e).

Plaintiff alleges that Dr. Alviso and Eldredge "agreed that [Plaintiff] in fact needed 'GRS' [(Gender Reassignment Surgery)]," but that Campbell and Siegert interfered with the recommendation. *Compl.*, Dkt. 3 at 3, 8, 18. However, the evidence belies her claim. Plaintiff admitted that no medical doctor had determined that any form of gender confirmation surgery was medically necessary to treat her gender dysphoria. Dkt. 48-3 at 14. Instead, she simply asserted, without support, that Dr. Alvisio said he would have determined the surgery necessary if he had the authority to do so. *Id.* at 15.

But neither Campbell nor Seigert ever instructed any medical provider, including Dr. Alviso, not to recommend sex reassignment surgery. Dkts. 48-4 at 2, 48-7 at 2. To the best of their knowledge, neither Dr. Alviso or Eldridge ever recommended, intended to recommend, or desired to recommend sexual reassignment surgery. *Id.* Furthermore, the scope of Dr. Alviso's practice was limited to providing hormone therapy, not sex reassignment surgery. Dkt. 48-3 at 40. Plaintiff has failed to produce evidence that Dr. Alviso determined that sex

MEMORANDUM DECISION AND ORDER - 10

reassignment surgery was medically necessary, that he intended to provide that surgery, or that Campbell and Siegert interfered with his intent to do so.

Moreover, because both Campbell and Siegert believed that Plaintiff's treatment for gender dysphoria was medically adequate, Plaintiff cannot establish that they subjectively disregarded a substantial risk of serious harm to plaintiff. Dkts. 48-4 at 3, 48-7 at 3. Indeed, Plaintiff offers no evidence in her response to establish a genuine issue of material fact; rather, she appears to concede the lawsuit. Dkt. 50 at 1. ("…I am fairly certain I will now lose this case. . .at this point all I would be attempting to do is push for policy changes…"). *See Butler*, 370 F.3d at 963. Accordingly, her complaint will be dismissed.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Summary Judgment (Dkt.  48) is **GRANTED**. This case is **DISMISSED** with prejudice.

DATED: March 4, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**